UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON GUGIN as Personal Representative
of Estate of Cecil Gugin,

        Plaintiff,                      Case Number 11-12222
                                               Honorable David M. Lawson

v.

CRAWFORD COUNTY, KIRK A. WAKEFIELD,
JAMES GOLNICK, JAMES KELLY, TIMOTHY
STEPHAN, DONALD STEFFES, CRAWFORD
COUNTY SHERIFF'S DEPARTMENT, and
JOHN DOE 1-3,
        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR REASSIGNMENT OF CASE OR, ALTERNATIVELY, FOR TRANSFER OF VENUE TO THE NORTHERN DIVISION

The matter is before the Court on the defendants' motion for reassignment of the case or, alternatively, to transfer venue to the Northern Division of the United States District Court for the Eastern District of Michigan. The Court has reviewed the parties' submissions and heard oral argument on August 15, 2011.

The defendants argue that 28 U.S.C. § 1404 grants the Court discretion to transfer a "civil action to any other district or division where it might have been brought" to provide for the convenience of the parties and witnesses or the interests of justice. 28 U.S.C. § 1404(a). Local Rule 83.10, however, assigns cases to the Northern and Southern Division in the following order of priority:

> (1) If an action is removed from State Court, the county in which the case was pending in State Court.
>
> (2) If an action is local in nature, the county in which the real estate is located.
>
> (3) The county in which a plaintiff resides.

    (4) The county in which the claim arose.

    (5) In a case in which a defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under color of legal authority, or an agency of the United States, the county in which an office of a defendant is located.

    (6) A county in which a defendant resides or has a place of business.

    (7) The place of holding court in which the case is filed.

E.D. Mich. LR 83.10(b).

As the June 24, 2011 order transferring case to Southern Division correctly noted: "This case was not removed from state court, nor is it 'local in nature.' Thus, under Rule 83.10(b)(3), it should have been assigned to the county in which the Plaintiff resides." Dkt. #7. The plaintiff brought this suit as the personal representative of the decedent's estate, meaning the real party in interest is the decedent's estate. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."); *Catanese v. Heggen*, 115 Mich. App. 301, 303, 320 N.W.2d 351, 352-53 (1982) ("An action for wrongful death is derivative in that the representative of the deceased stands in the latter's shoes."). A decedent's estate adopts the residence of the decedent before he died. *Mudd v. Yarbrough*, --- F. Supp. 2d ---, 2011 WL 1326953, at *9 (E.D. Ky. Apr. 6, 2011) ("[T]he estate's residence, for venue purposes, is the same as the decedent's residence before he died."). The plaintiff alleges that the decedent resided in Wayne County, Michigan immediately before his incarceration. Therefore, the action is properly in the Southern Division. E.D. Mich. LR 83.10(a)(1).

The defendant argues that the Court should give controlling weight to the convenience of the parties and witnesses because a large number of the defendants and witnesses reside in the Northern Division. The defendants acknowledge, however, that the major source of inconvenience would

result from having to attend a trial in the Detroit courthouse. The Court finds that this case is properly before it under the Local Rules. The defendants may renew their request for reassignment or transfer for trial after the conclusion of discovery.

Accordingly, it is **ORDERED** that the defendants' motion for reassignment of case [dkt. #9] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 17, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL